**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

WILTECH TECHNOLOGY, INC., et al.,

    Plaintiffs,

v.                                                                                    CV No. 20-975 JAP/CG

OSWALD WILSON, et al.,

    Defendants.

## **PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**THIS MATTER** is before the Court on Plaintiffs' *Motion for Entry of Default Judgment as to Defendant Wiltech Energy, LLC and Entry of Order of Payment* (the "Motion"), (Doc. 23), filed March 31, 2021; and Plaintiffs' *Motion for Status Conference*, (Doc. 30), filed May 24, 2021. Defendants have filed no response to Plaintiffs' motions and the time for doing so has now passed. *See* D.N.M.LR-Civ. 7.4(a) ("A response must be served within fourteen (14) days after service of the motion.").

On May 26, 2021, Senior United States District Judge James A. Parker referred this matter to the undersigned to perform legal analysis and recommend an ultimate disposition, pursuant to 28 U.S.C. § 636(b). (Doc. 31). The Court, having considered Plaintiffs' motions, the record, and the relevant law, **RECOMMENDS** that Plaintiffs' *Motion for Entry of Default Judgment as to Defendant Wiltech Energy, LLC and Entry of Order of Payment*, (Doc. 23), be **GRANTED IN PART** and **DENIED IN PART**, and that Plaintiffs' *Motion for Status Conference*, (Doc. 30), be **DENIED**.[1]

---

[1] In the *Motion for Status Conference*, Plaintiffs "request that the Court set a status conference in this matter . . . [to] ascertain whether Wiltech Energy intends to oppose the pending motion for default judgment against it." (Doc. 30 at 2). Plaintiffs further explain that "[if] Mr. Wilson fails to appear, the Court can be certain that Wiltech Energy intends to take no action to defend itself in this matter[,] [and that such] information may allow the Court to grant Plaintiffs' motion for

**I.      Factual Background**

This suit arises from a dispute between Plaintiff Wiltech Technology, Inc. ("Wiltech Technology"), its parent company Plaintiff Wiltech Global Technology, Inc. ("Wiltech Global"), and Defendant Oswald Wilson, who, during the relevant timeframe, served as a director and the Chief Executive Officer for both companies. (Doc. 1 at 1-3). Mr. Wilson formed both companies in 2017. That same year, on July 13, 2017, the Village of Los Lunas City Council "voted to approve a proposal submitted by [Wiltech Technology]" to install a solar energy system with wind turbine at the Los Lunas Recycling Center.[2] *Id.* at 4. Under the proposal, Plaintiff Wiltech Technology "would install and operate the system for two years, and then after the two year period, the Village [of Los Lunas] would have the option to purchase the system." *Id.*

Over the next three years, Plaintiff Wiltech Technology built and installed the solar energy system and Plaintiff Wiltech Global financed the project. (Doc. 1 at 4-5). During that time, in his capacity as a director and the CEO of the companies, Mr. Wilson travelled to New Mexico several times to coordinate the project. *Id.* at 4. The Village of Los Lunas ultimately reached an agreement with Defendant Wiltech Technology to purchase the solar energy system for $78,983.60, plus taxes and costs. *Id.*

The project was completed in June 2020. *Id.* That same month, Plaintiffs Wiltech Technology and Wiltech Global discovered that Mr. Wilson had formed a new company under the name Wiltech Energy, LLC. *Id.* at 5. They further discovered that Mr. Wilson

---

default judgment, expediting the disposition of the action." *Id.* The Court thus construes the *Motion for a Status Conference* as a request for a hearing on the *Motion for Default Judgment*. To the extent, however, that Plaintiffs seek a status conference regarding case management, Plaintiffs may renew their *Motion for a Status Conference* to that effect.
[2] The facts as the Court recites them are taken from Plaintiffs' Complaint, and, in the context of this Motion, they are taken as true. *See Tripodi v. Welch*, 810 F.3d 761, 764 (10th Cir. 2016).

had begun promoting Wiltech Energy "as the builder and creator of the Los Lunas solar power system" on its website, in conversations with representatives and elected officials of the Village of Los Lunas, and in the Albuquerque Journal. *Id.* at 5-6. In July 2020, Plaintiffs Wiltech Technology and Wiltech Global "removed [Mr. Wilson] as an officer and director." *Id.* at 5. As a result of the confusion over the ownership of the solar energy system, the Village of Los Lunas withheld its payment under the agreement. *Id.* at 6-7.

## II.   Procedural Posture

On September 23, 2020, Plaintiffs Wiltech Technology and Wiltech Global filed their Complaint alleging five causes of action: (1) false designation of origin under the Lanham Act, 15 U.S.C. § 1125; (2) unfair trade practices under the New Mexico Unfair Practices Act (the "NMUPA"), NMSA 1978, § 57-12-10 (2005); (3) breach of fiduciary duty under New Mexico law; (4) tortious interference with contract under New Mexico law; and (5) declaratory judgment under the Uniform Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202. (Doc. 1 at 7-12). On October 5, 2020, the Summons was issued as to all three defendants. The Village of Los Lunas answered on November 3, 2020. (Doc. 6). Then, the Village of Los Lunas deposited $89,265.85 into the Court registry, pursuant to Federal Rule of Civil Procedure 67, and, thereafter, Plaintiffs Wiltech Technology and Wiltech Global dismissed the Village of Los Lunas from the case. (Doc. 15); (Doc. 17); (Doc. 24); (Doc. 28).

On December 23, 2020, Plaintiffs Wiltech Technology and Wiltech Global requested an entry of default as to Defendant Wiltech Energy, which, at that time, the Clerk of the Court did not grant. (Doc. 8). On February 3, 2021, Plaintiffs Wiltech

Technology and Wiltech Global filed an "Investigative Due Diligence Affidavit," which they titled on the case docket as "Summons Returned Unexecuted . . . as to Wiltech Energy, LLC." (Doc. 13). The affidavit indicates that, on October 12, 2020, Plaintiffs Wiltech Technology and Wiltech Global attempted to serve the Summons and Complaint on the registered agent for Defendant Wiltech Energy at the registered address but were unsuccessful because the location was a UPS store. *Id.*

On February 18, 2021, Plaintiffs Wiltech Technology and Wiltech Global filed several documents, which they titled on the docket as "Summons Returned Executed . . . Serving Secretary of State of New Mexico for Wiltech Energy, LLC." (Doc. 14). The documents indicate that, on December 15, 2020, they effected service on Wiltech Energy by virtue of serving the Summons and Complaint on the Secretary of State of New Mexico pursuant to NMSA 1978, § 38-1-5 (1993). (Doc. 14 at 4, 28-31). The deadline for Defendant Wiltech Energy to answer was set for January 5, 2021. (Doc. 14). When this deadline passed, neither Mr. Wilson nor Defendant Wiltech Energy had answered the Complaint.

On March 1, 2021, the Court issued an *Order to Show Cause*, directing Plaintiffs Wiltech Technology and Wiltech Global to show cause why the Court should not dismiss the case as to Mr. Wilson and Defendant Wiltech Energy for failure to prosecute in accordance with Federal Rule of Civil Procedure 4 and D.N.M.L.R.-Civ. 41.1. (Doc. 16 at 2). On March 4, 2021, Mr. Wilson filed a *pro se* answer on his own behalf. (Doc. 19). That same day, he also filed a motion on behalf of Defendant Wiltech Energy, requesting an extension of time for Defendant Wiltech Energy to answer while it sought to retain counsel. (Doc. 18). The Court denied the motion without prejudice pending

concurrence from Plaintiffs Wiltech Technology and Wiltech Global. (Doc. 21).[3] On March 12, 2021, the Court quashed its *Order to Show Cause*, given Mr. Wilson's intervening filings as well as Plaintiffs' *Response to Order to Show Cause*, (Doc. 20). (Doc. 22). On March 31, 2021, Plaintiffs Wiltech Technology and Wiltech Global filed the instant Motion seeking a default judgment against Defendant Wiltech Energy. (Doc. 23). To date, Defendant Wiltech Energy has not filed an answer.

### III. Legal Standard

Federal Rule of Civil Procedure 55 "mandates a two-step process for a party who seeks a default judgment in his favor." *William v. Smithson*, 57 F.3d 1081 (10th Cir. 1995). First, the party must obtain a Clerk's entry of default. FED. R. CIV. P. 55(a); *see also Watkins v. Donnelly*, 551 F. App'x 953, 958 (10th Cir. 2014) (unpublished) ("Entry of default by the clerk is a necessary prerequisite that must be performed before a district court is permitted to issue a default judgment."). "Although entry of default is typically a ministerial act undertaken by the clerk, the [] judges themselves possess the power to enter default as well." Steven Baiker-McKee, William M. Janssen & John B. Corr, FEDERAL CIVIL RULES HANDBOOK, 1165 (2021 ed.); *see also, e.g., Behounek v. Grisham*, 1:20-cv-00405 JCH/LF, 2020 WL 5757798, at *2 (D.N.M. Sept. 28, 2020) *report and recommendation adopted*, 1:20-cv-00405 JCH/LF, 2020 WL 6117810 (D.N.M. Oct. 16, 2020) ("[T]he fact that Rule 55(a) gives the clerk authority to enter a default is not a limitation on the power of the court to do so."). Such a Clerk's default

---

[3] Mr. Wilson styled the motion an answer, but the document only requested that the Court "allow an extension [to answer] in order to retain proper counsel." (Doc. 18). As such, the Court construed the document as a motion. (Doc. 21).

"must [be] enter[ed]" when a defendant has "failed to plead or otherwise defend, and that failure is shown by affidavit." FED. R. CIV. P. 55(a).

Second, after obtaining a Clerk's entry of default, the party may move the Clerk to enter a default judgment if the claim is for a "sum certain," but "in all other cases, the party must apply to the court for a default judgment." FED. R. CIV. P. 55(b)(1)-(2). In considering whether to grant a motion for default judgment, a court should first determine whether each party against whom a default judgment is sought has been properly served in accordance with the Federal Rules of Civil Procedure, and subsequently failed to answer, defend, or otherwise appear in the case within the time provided by the Rules. *See Bixler v. Foster*, 596 F.3d 751, 761 (10th Cir. 2010) ("Personal jurisdiction over the defendant is required before a default judgment in a civil case may be entered.") (citation omitted). Then, the court must determine whether the complaint's factual allegations establish a proper cause of action. *Id.* at 762. At this stage, following the Clerk's entry of default, the non-responsive defendant admits to the complaint's well-pleaded facts. *Tripodi v. Welch*, 810 F.3d 761, 764 (10th Cir. 2016). However, the defendant does not admit to any legal conclusions. *Bixler*, 596 F.3d at 762.

Courts disfavor default judgments, and instead prefer to adjudicate cases on their merits. *Pelican Prod. Corp. v. Marino*, 893 F.2d 1143, 1146 (10th Cir. 1990). As such, default judgment must be "viewed as available only when the adversary process has been halted because of an essentially unresponsive party." *Cessna Fin. Corp. v. Bielenberg Masonry Contracting Inc.*, 715 F.2d 1442, 1444 (10th Cir. 1983). The decision whether to enter a default judgment is ultimately at the court's discretion.

*Dennis Garberg & Assocs., Inc. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 771 (10th Cir. 1997).

**IV.	Analysis**

In their Motion, Plaintiffs Wiltech Technology and Wiltech Global argue they are entitled to a default judgment on Counts I, II, IV, and V against Defendant Wiltech Energy, because Wiltech Energy failed to answer the Complaint. (Doc. 23 at 4). Plaintiffs explain that Wiltech Energy "has been properly served pursuant to New Mexico state law, [and] has actual knowledge of this action[.] *Id.* at 1. Additionally, Plaintiffs contend that they are entitled to the monies deposited into the Court registry by the Village of Los Lunas, because there exists no dispute as to payment. *Id.* at 4.

**A.	Whether Defendant Wiltech Energy Was Properly Served**

The first issue the Court must determine is whether Plaintiffs properly served Defendant Wiltech Energy with the Summons and a copy of the Complaint. *See Bixler*, 596 F.3d at 761. Plaintiffs allege that they successfully served process on Defendant Wiltech Energy by virtue of serving the Secretary of State of New Mexico as the statutory agent for Defendant Wiltech Energy, which they contend was proper under New Mexico state law. (Doc. 23 at 3).

Indeed, the Federal Rules of Civil Procedure provide that an individual may be served "by following state law for service of a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]" FED. R. CIV. P. 4(e)(1). In situations involving service on a limited liability company, New Mexico law states:

> In case the agent of any limited liability company registered
> to transact business in this state, designated by such

> company as the agent upon whom process against the
> company may be served, . . . cannot with due diligence be
> found, it is lawful, while the circumstances continue, to serve
> process against the company upon the secretary of state,
> and the service shall be as effective to all intents and
> purposes as if made upon any manager of the company.

NMSA 1978 § 38-1-5.1 (1993).

Here, one week after the Summons was issued, Plaintiffs attempted to serve the Summons and a copy of the Complaint on Defendant Wiltech Energy's registered agent at the address listed in the database of the New Mexico Secretary of State. (Doc. 2); *see also* (Doc. 13 at 1). Upon arrival at the address, Plaintiffs' process server realized the location was a UPS store, and the franchise owner "stated she is unable to confirm or deny if the entity or registered agent . . . have a postal box at the address." (Doc. 13 at 1). Any further attempts to serve process at this address would have been fruitless. Thus, appropriately, Plaintiffs instead served process on the New Mexico Secretary of State by certified mail, which the Secretary of State accepted. (Doc. 14 at 3-4, 28-31). The Court finds, accordingly, that Plaintiffs properly served Defendant Wiltech Energy with the Summons and a copy of the Complaint.[4] *See* FED. R. CIV. P. 4(e)(1); NMSA 1978 § 38-1-5.1 (1993); *see Hukill v. Okla. Native Am. Domestic Violence Coalition*, 542 F.3d 794, 797 (10th Cir. 2008) (stating the court must determine it has personal jurisdiction over the defendant before it may enter a default judgment).

B.  **Clerk's Entry of Default**

Having found service proper, the Court must determine whether Plaintiffs are entitled to a Clerk's entry of default as to Defendant Wiltech Energy. When a defendant

---

[4] The Court is also satisfied that Defendant Wiltech Energy is sufficiently on notice of this lawsuit, given the involvement in this case of the company's CEO, Mr. Wilson, and the motion for an extension of time to answer filed on Defendant Wiltech Energy's behalf by Mr. Wilson.

has "failed to plead or otherwise defend, and that failure is shown by affidavit[,]" a Clerk's default "must [be] enter[ed]." Fed. R. Civ. P. 55(a). "[T]he fact that Rule 55(a) gives the clerk authority to enter a default is not a limitation on the power of the court to do so." *Behounek v. Grisham*, 1:20-cv-00405 JCH/LF, 2020 WL 5757798, at *2 (D.N.M. Sept. 28, 2020) *report and recommendation adopted*, 1:20-cv-00405 JCH/LF, 2020 WL 6117810 (D.N.M. Oct. 16, 2020).

Defendant Wiltech Energy was required, pursuant to Federal Rule of Civil Procedure 12(a)(1)(A)(1), to answer the Complaint by January 5, 2021, (Doc. 14), but, to date, it has failed to do so. That failure constitutes a default. As such, the Court finds Plaintiffs are entitled to a Clerk's entry of default as to Defendant Wiltech Energy under Federal Rule of Civil Procedure 55(a). *See* FED. R. CIV. P. 55(a) (mandating Clerk's entry of default when a defendant has "failed to plead or otherwise defend, and that failure is shown by affidavit"); *see also*, *e.g.*, *Behounek* 2020 WL 5757798, at *3 (granting a Clerk's entry of default).

### C. Whether the Complaint States a Claim for Relief

Next, the Court must determine "whether the unchallenged facts [in the Complaint] create a legitimate basis for the entry of a judgement." *Hollow Spirits, LLC v. Corson Distilling Systems, Inc.*, 1:18-cv-257 MV/JFR, 2020 WL 1963188, *6 (D.N.M. March 9, 2020) (citing *Bixler*, 596 F.3d at 762), *report and recommendation adopted*, 1:18-cv-257 MV/JFR, 2020 WL 1954152 (D.N.M. April 23, 2020). Plaintiffs Wiltech Technology and Wiltech Global raise five causes of action, as listed above, but only the following four implicate Defendant Wiltech Energy: (1) false designation of origin under the Lanham Act, 15 U.S.C. § 1125; (2) unfair trade practices under the New Mexico

Unfair Practices Act, NMSA 1978, § 57-12-10 (2005); (3) tortious interference with contract under New Mexico law; and (4) declaratory judgment under the Uniform Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202. (Doc. 1 at 7-12).

### i. *Counts I and II: False Designation of Origin & Unfair Trade Practices*

A false designation claim under the Lanham Act generally applies to three categories: "(1) false advertising;" "(2) passing off [], in which A sells its product under B's name;" and "(3) reverse passing off, in which A sells B's product under A's name." *Waldman Pub. Corp. v. Landoll, Inc.*, 43 F.3d 775, 780 (2d Cir. 1994) (internal quotation marks omitted). Plaintiffs' Complaint suggests they are alleging a reverse passing-off claim. *See* (Doc. 1) ("The Tort Defendants have falsely designated themselves as the origin of [Wiltech]'s vertical polygon solar energy system[.]"). To state a reverse passing-off claim, a plaintiff must show "(1) that the [product] at issue originated with the plaintiff; (2) that [the] origin of the [product] was falsely designated by the defendant; (3) that the false designation of origin was likely to cause consumer confusion; and (4) that the plaintiff was harmed by the defendant's false designation of origin." *Softel, Inc. v. Dragon Med. & Sci. Communications*, 118 F.3d 955, 970 (2d Cir. 1997) (internal quotation marks omitted); see also 15 U.S.C. § 1125(a).

Here, the Complaint alleges that Plaintiff Wiltech Technology "is the owner, designer, builder, and installer . . . of the vertical polygon solar energy system installed at the Village of Los Lunas recycling center[,]" but that Mr. Wilson and Defendant Wiltech Energy "have falsely designated themselves as the origin" of the solar energy system. (Doc. 1 at 7). The Complaint further alleges that Defendants' misrepresentations "are likely to cause confusion, or to cause mistake, or to cause

deception as to the affiliation, connection, or association" of Plaintiff Wiltech Technology with Defendant Wiltech Energy. *Id.*

Indeed, the Village of Los Lunas was in fact confused as to whom the money was owed. *See* (Doc. 6) ("[T]his Defendant states that there does appear to be controversy and disagreement over the . . . parties involved in the proposed sale of the solar energy system in question."). Plaintiffs Wiltech Technology and Wiltech Global allege that, as a result of Defendants' misrepresentations, they have lost out on profits and suffered irreparable injury to their business, reputation, and goodwill. (Doc. 1 at 8). Because these allegations are unchallenged by Defendant Wiltech Energy, the Court accepts them as true and finds that they establish a claim of false designation under the Lanham Act. *See Hollow Spirits, LLC*, 2020 WL 1963188, \*6 (citing *Bixler*, 596 F.3d at 762). For that reason, the Court will recommend that Plaintiffs be granted default judgment against Defendant Wiltech Energy on Count I.

With regard to Count II, Plaintiffs' claim of unfair trade practices under NMUPA, NMSA 1978, § 57-12-3 (1993), the Court finds that, for the same reasons as stated above, Plaintiffs have established this claim. *See La Resolana Architects, PA v. Reno, Inc.*, 555 F.3d 1171, 1181-82 (10th Cir. 2009 (analyzing NMUPA claims of unfair trade practices together with Lanham Act claims of false designation of origin). Therefore, the Court will also recommend that Plaintiffs be granted default judgment against Defendant Wiltech Energy on Count II.

### ii. Count IV: Tortious Interference with Contract

To state a claim for tortious interference with existing contractual relations under New Mexico law, a plaintiff must show: (1) the defendant had knowledge of an existing

contract between the plaintiff and another party; (2) the other party breached its contract with the plaintiff; (3) the defendant played an active and substantial part in causing the plaintiff to lose the benefits of the contract with the other party; (4) damages flowed from the breached contract; and (5) the defendant induced the breach without justification or privilege. *See Guidance Endodontics, LLC v. Dentsply Intern., Inc.*, 1:08-cv-1101 JB/RLP, 2009 WL 10699130, at *5 (D.N.M. September 11, 2009) (citing *Deflon v. Sawyers*, 2006-NMSC-025, ¶ 16, 139 N.M. 637, 643, 137 P.3d 577, 583 (2006); *Guest v. Berardelli*, 2008-NMCA-144, ¶ 32, 145 N.M. 186, 196, 195 P.3d 353, 363 (N.M. Ct. App. 2008)). As to the fifth element, the defendant must have either acted "with an improper motive to harm the plaintiff or interfere[d] by some improper means. *Id.*

Here, Plaintiffs' Complaint alleges there was a contract between Plaintiff Wiltech Technology and the Village of Los Lunas to purchase the solar energy system for $78,983.60, plus taxes and costs, the payment of which would be made upon completion of the project. (Doc. 1 at 4, 10); *see Associated Home and RV Sales, Inc. v. R. Vision, Inc.*, 1:05-cv-119 JB/DJS, 2006 WL 4109674, at *4-5 (D.N.M. July 13, 2006) (quoting *Garcia v. Middle Rio Grande Conservancy Dist.*, 121 N.M. 728, 731, 918 P.2d 7, 10 (1996)) ("New Mexico courts require that contracts 'must be factually supported by an offer, an acceptance, consideration, and mutual assent.'"); *see also* NMSA 1978, § 55-2-206 (1961).

The Complaint further alleges that Mr. Wilson and Defendant Wiltech Energy "had actual knowledge of the contract[.]" *Id.* In support, the Complaint details Mr. Wilson's involvement in the project from the formation of the contract through his formation of Wiltech Energy. *Id.* at 4-5. The Complaint alleges that, despite Defendants'

knowledge of the existing contract, they held Defendant Wiltech Energy out on its website and in communications with "representatives and elected officials of the Village of Los Lunas" as "the owner of [Plaintiff Wiltech Technology's] polygen solar energy system installed at the Los Lunas recycling center." *Id.* at 6, 10-11. The Complaint alleges that, as a result of Defendants' actions and the confusion it has caused, "the Village of Los Lunas has refused to perform under the contract. *Id.* at 10.

The Court accepts these allegations as true and finds that they establish a claim of tortious interference with contract. *See Hollow Spirits, LLC*, 2020 WL 1963188, *6 (citing *Bixler*, 596 F.3d at 762). The Court will therefore recommend that Plaintiffs be granted default judgment against Defendant Wiltech Energy on Count IV of the Complaint.

### iii.   Count V: Declaratory Judgment

In their last cause of action against Defendant Wiltech Energy, Plaintiffs seek a declaration that: (1) "[a] contract exists between [t]he Village of Los Lunas and Plaintiff [Wiltech Technology] under which Plaintiff [Wiltech Technology] is obligated to deliver a vertical polygen solar power system, and [t]he Village of Los Lunas is obligated to pay to Plaintiff [Wiltech Technology] the amount of $78,983.60 plus taxes and costs; (2) "[n]o contract exists between [t]he Village of Los Lunas and . . . Defendant [Wiltech Energy] under which [Defendant Wiltech Energy] is obligated to deliver a vertical polygen solar power system; and (3) "[t]he Village of Los Lunas . . . has no obligation to pay any monies to . . . Defendant [Wiltech Energy] for the delivery of any vertical polygen solar power system." (Doc. 1 at 11-12).

The Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, provides in relevant part that "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested part seeking such declaration, whether or not further relief is or could be sought."

Here, the Complaint alleges that, "[o]n or about August 15, 2019[,] the Village of Los Lunas agreed to purchase the [solar energy] system [built, assembled, and installed by Plaintiff Wiltech Technology] out[]right for the flat cost of $78,983.60, plus shipping costs and New Mexico Gross Receipts Tax, payable upon completion of the project." (Doc. 1 at 4). Accepting this allegation as true, the Complaint sufficiently states the existence of a contract between Plaintiff Wiltech Technology and the Village of Los Lunas. *See Associated Home and RV Sales, Inc.*, 2006 WL 4109674, at *4-5 (quoting *Garcia.*, 121 N.M. at 731, 918 P.2d at 10) ("New Mexico courts require that contracts 'must be factually supported by an offer, an acceptance, consideration, and mutual assent.'"); *see also* NMSA 1978, § 55-2-206 (1961).

Moreover, the Complaint sufficiently shows that no contract existed between the Village of Los Lunas and Defendant Wiltech Energy with regard to the solar energy system installed at the Los Lunas Recycling Center. In particular, the Complaint alleges that, "[a]ccording to the New Mexico Secretary of State records, [Defendant Wiltech Energy] was formed on March 9, 2020," nearly a year after the contract was formed. (Doc. 1 at 5).

Accordingly, the Court finds that the allegations in the Complaint state a claim for the declaratory relief Plaintiffs request as to Defendant Wiltech Energy. Therefore, the

14

Court will recommend that Plaintiffs be granted default judgment against Defendant Wiltech Energy on Count V of the Complaint.

> D. **Whether to Enter an Order Directing Payment of the Court Registry Monies**

Finally, Plaintiffs ask in the Motion that the Court "[e]nter an Order directing payment of the $89,265.85 deposited with the Court to Plaintiffs[.]" (Doc. 23 at 5). Plaintiffs contend that Mr. Wilson—the lone remaining defendant if default judgment should be entered against Defendant Wiltech Energy—"makes no claim to the deposited funds, . . . [and thus] there is no legal or factual dispute as to the payment of the funds remaining in this case. *Id.* at 4. In support, Plaintiffs cite Mr. Wilson's *pro se* answer, in which he "(1) did not claim that he was owed any portion of the monies deposited into the court, and further, (2) specifically asserted as an affirmative defense that there was no contract between himself and any other party to this case." *Id.*

Plaintiffs have provided no authority that would support this Court awarding them the monies in the Court registry within the context of a motion for default judgment, especially with one defendant remaining in the case. *See* FEDERAL CIVIL RULES HANDBOOK at 1171 ("Where the plaintiff alleges joint liability against multiple defendants or the defendants have closely related defenses, the default of one defendant usually will not result in a judgment against another defendant. Instead, the court will allow the lawsuit to proceed as to the other, non-defaulting defendants."); *see also* (Doc. 1 at 12) (asking for "[a] judgment in favor of Plaintiff[s] and against the Tort Defendants, jointly and severally, on all counts alleged herein[]").

The more appropriate vehicle for this particular relief is a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. As such, the Court will

15

recommend that Plaintiffs be denied entry of an order directing payment of the monies currently in the Court registry.

## V. Conclusion

For the foregoing reasons, the Court **RECOMMENDS** that Plaintiffs' *Motion for Entry of Default Judgment as to Defendant Wiltech Energy, LLC and Entry of Order of Payment*, (Doc. 23), be **GRANTED IN PART** and **DENIED IN PART**, and that Plaintiffs' *Motion for Status Conference*, (Doc. 30), be **DENIED**.

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**

_____
THE HONORABLE CARMEN E. GARZA
CHIEF UNITED STATES MAGISTRATE JUDGE