**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

Wiltech Technology, Inc. and
Wiltech Global Technology, Inc.,

      Plaintiffs,

v.                                          Civ. No. 1:20-cv-00975 MIS/CG

Oswald Wilson and Wiltech Energy, LLC,

      Defendants.

## ORDER ADOPTING IN PART THE CHIEF MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER is before the Court on the Chief Magistrate Judge's Proposed Findings and Recommended Disposition ("PFRD"), filed on November 16, 2021. ECF No. 61. In the PFRD, the Chief Magistrate Judge recommended that the Court deny three pending motions: (1) Sheet Metal Products, Inc.'s Amended Motion to Intervene ("Motion to Intervene"), ECF No. 46; (2) Plaintiffs' Motion for Partial Summary Judgment and Entry of Order of Payment ("Motion for Partial Summary Judgment"), ECF No. 47; and (3) Defendant Wiltech Energy, LLC's Notice of Motion and Motion to Vacate Entry of Non-Final Default Judgment ("Motion to Set Aside the Default Judgment"), ECF No. 51.

The parties were notified that written objections to the PFRD were due within 14 days of November 16, 2021. ECF No. 61 at 28. Plaintiffs timely filed their objections on November 18, 2021, and Defendant Wiltech Energy, LLC ("Defendant Energy") timely filed its objections on November 23, 2021. ECF Nos. 63, 64. Sheet Metal Products filed no objections, and the deadline for doing so has passed. After a de novo review of the

record, the PFRD, and the timely filed objections, the Court will **ADOPT IN PART** the Chief Magistrate Judge's PFRD and **SUSTAIN** one of Defendant Energy's objections.

## BACKGROUND

This case stems from a contractual dispute between Defendant Oswald Wilson and Plaintiffs Wiltech Technology, Inc. ("Plaintiff Technology") and Wiltech Global Technology, Inc. ("Plaintiff Global"), (collectively "Plaintiffs"), over a vertical solar energy system installed and operated at the Los Lunas Recycling Center. ECF No. 1 at 2–4. Defendant Wilson is the purported inventor and owner of the vertical solar energy system, and Plaintiffs are two start-up companies for whom Defendant Wilson served as a director and the chief executive officer. *See id.*; *see also* ECF No. 34 at 2.

In July 2017, the Village of Los Lunas (the "Village") approved a proposal to install the vertical energy system at the Recycling Center, which included language that such installation and operation would continue for two years and then the Village would have the option to purchase the system outright. *See* ECF No. 1 at 4. After the two-year period, the Village purchased the system for $78,983.60, plus taxes and costs. *Id.* However, the Village withheld its payment for the system because of the dispute between Defendant Wilson and the two Plaintiff companies. *Id.* at 6–7.

On September 23, 2020, Plaintiffs filed their Complaint against Defendant Wilson; his company, Defendant Energy; and the Village. ECF No. 1. They allege false designation of origin, unfair trade practices, breach of fiduciary duty, and tortious interference with contract. *Id.* at 7–12. The Complaint additionally seeks a declaratory judgment that no contract exists between the Village and Defendant Wilson or Defendant Energy, and rather that a contract exists between Plaintiffs and the Village

"under which Plaintiff [Technology] is obligated to deliver a . . . solar power system, and

The Village [] is obligated to pay Plaintiff [Technology] the amount of $78,983.60," plus

taxes and costs "upon completion of the project." *Id.* at 11.

On March 1, 2021, the Court permitted the Village to deposit the disputed funds

into the Court registry, pursuant to Federal Rule of Civil Procedure 67, as payment "for

services rendered in construction of the [solar energy system] at the Los Lunas Recycling

Center," and the Village was voluntarily dismissed from the case. *See* ECF Nos. 15 at 1;

17; 24; 28. On July 19, 2021, the Court granted default judgment against

Defendant Energy, but declined to award Plaintiffs the funds in the Court registry. ECF

No. 37; *see also* ECF No. 32. After that ruling, the parties filed the three instant motions.

**LEGAL STANDARD**

District judges may refer dispositive motions to magistrate judges for proposed

findings and a recommended disposition. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ.

P. 72(b)(1). "Within 14 days after being served with a copy of the [magistrate judge's]

recommended disposition, a party may serve and file specific written objections to the

proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C.

§ 636(b)(1)(B)–(C). To preserve an issue for review, a party's objections must be "both

timely and specific." *United States v. One Parcel of Real Prop., with Bldgs.,*

*Appurtenances, Improvements, & Contents*, 73 F.3d 1057, 1060 (10th Cir. 1996). When

resolving objections to a magistrate judge's recommendation, the district judge must

make a de novo determination regarding any part of the recommendation to which a party

has properly objected. 28 U.S.C. § 636(b)(1)(C). Finally, issues "raised for the first time

in objections to the magistrate judge's recommendation are deemed waived." *Marshall v.*

3

*Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996); *see also United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001).

## DISCUSSION

Timely objections were filed addressing two out of three of the PFRD's recommendations. (1) Neither Sheet Metal Products ("SMP") nor any other party filed any objection to the PFRD's recommendation to deny SMP's Motion to Intervene. (2) Plaintiffs object to the PFRD's recommendation to deny their Motion for Partial Summary Judgment.[1] (3) Defendant Energy objects to the recommendation to deny its Motion to Set Aside the Default Judgment. ECF No. 64 at 1. The Court will address the PFRD's recommendation on each motion in turn.

### I.   Sheet Metal Products' Motion to Intervene Will Be Denied.

SMP filed a Motion to Intervene, claiming it had a subcontract with Plaintiff Global and therefore should be permitted to intervene in this action. *See* ECF No. 46. The PFRD recommended denying SMP's Motion to Intervene. ECF No. 61 at 4–11. SMP filed no objections, and the deadline for doing so has passed. Therefore, the Court will adopt the recommendation and deny SMP's Motion to Intervene.

### II.   Plaintiffs' Motion for Partial Summary Judgment Will Be Denied.

Plaintiffs filed a Motion for Partial Summary Judgment, asking the Court to find that they are entitled to judgment as a matter of law on their declaratory judgment claim (Count V) because there are no material facts in dispute. ECF No. 47. Essentially, Plaintiffs contend that the evidence establishes there are no disputes as to the following

---

[1] The Court acknowledges Plaintiffs' error regarding their *Reply in Support of their Motion for Partial Summary Judgment*. *See* ECF Nos. 55, 58, 62. Because the Court's review of the PFRD is de novo, the Court has considered Plaintiffs' correctly filed reply. See ECF No. 62.

material facts: (1) there was a contract between the Village and Plaintiffs for the purchase of the solar energy system; (2) there was no contract between the Village and either Defendant Wilson or Defendant Energy; and (3) accordingly, the Village has no obligation to pay any monies to Defendant Wilson or Defendant Energy for the solar energy system but rather owes the monies to Plaintiffs. *Id.* at 2, 6–7; *see also* ECF No. 1 at 11–12.

On a summary judgment motion, the moving party bears the initial burden of showing the absence of a genuine issue of material fact. Fed. R. Civ. P. 56(a); *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670–71 (10th Cir. 1998). "If the moving party will bear the burden of persuasion at trial, that party must support its motion with credible evidence—using any of the materials specified in Rule 56(c)—that would entitle it to a directed verdict if not controverted at trial." *Nowell v. Medtronic, Inc.*, 372 F. Supp. 3d 1166, 1214 (D.N.M. 2019) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 331 (Brennan, J., dissenting)).[2] Only after the moving party meets this burden must the nonmoving party "designate specific facts so as to make a showing sufficient to establish the existence of an element essential to that party's case in order to survive summary judgment." *Sealock v. Colo.*, 218 F.3d 1205, 1209 (10th Cir. 2000) (citation omitted). In applying the summary judgment standard, the court "view[s] the evidence and the reasonable inferences to be drawn from the evidence in the light most favorable to the nonmoving party." *Parker Excavating, Inc. v. Lafarge W., Inc.*, 863 F.3d 1213, 1220 (10th Cir. 2017) (citation omitted).

---

[2] Although Justice Brennan dissented in *Celotex*, this sentence is widely understood to be an accurate statement of the law. *See* 10A Charles Allen Wright & Arthur R. Miller, Federal Practice and Procedure § 2727.1 (4th ed.) ("Although the Court issued a five-to-four decision, the majority and dissent both agreed as to how the summary-judgment burden of proof operates; they disagreed as to how the standard was applied to the facts of the case.").

Here, the PFRD concluded that Plaintiffs failed to show that no issues of material fact exist concerning Count V. ECF No. 61 at 22. In particular, the PFRD found that "Plaintiffs fail[ed] to proffer sufficient evidence supporting their allegation that Plaintiff Technology made the offer in 2017 to the Village," and that the parties "left the Court unclear about the nature of the contract itself" and whether it was formed in 2017 or in 2019. *Id.* at 20, 22.

In their Objections, Plaintiffs contend that Defendant Wilson's affidavit fails to address the relevant facts "and does not even mention the August 2019 agreement that is at the heart of the matter." ECF No. 63 at 2. However, the PFRD determined that Defendant Wilson's affidavit did offer a challenge to Plaintiffs' affidavit. ECF No. 61 at 20. Upon review of Defendant Wilson's affidavit, the Court agrees. Defendant Wilson alleges that, in 2017, he presented his proposal to install the solar energy system twice to the Los Lunas Council, and that on July 13, 2017, he "was present when the Los Lunas Council unanimously approved [his] proposal." ECF No. 54-1 at 2–3, ¶¶ 10–11, 14. Defendant Wilson's testimony bears directly on the 2017 agreement, and particularly on whether it was Plaintiffs or Defendant Wilson who was party to that agreement.

Moreover, his testimony may also bear on the ultimate agreement at issue in this case—the Village's decision in 2019 to purchase the solar energy system. As the PFRD explained, the Court cannot determine on the facts before it whether the 2019 agreement is separate from or part of the 2017 agreement. *See Master Builders, Inc. v. Cabbell*, 1980-NMCA-178, ¶ 30, 95 N.M. 371, 378 (Sutin, J., concurring) ("When [an] option [in a contract] is exercised, the contract becomes bilateral and binds both parties and is enforceable at the instant of either party."); *see also* ECF No. 61 at 22. Whether

6

Defendant Wilson's testimony is true, as Plaintiffs dispute, is a determination the Court cannot make at this stage of the proceedings. *See Nat'l Aviation Underwriters, Inc. v. Altus Flying Serv., Inc.*, 555 F.2d 778, 784 (10th Cir. 1977) ("Affidavits are not a substitute for trial[,] and summary judgment is improper where an issue turns on credibility[.]"); *Philmar Dairy, LLC v. Armstrong Farms*, Civ. No. 18-cv-530 SMV/KRS, 2019 WL 355285, at *4 (D.N.M. Jan. 29, 2019) ("[T]he Court cannot resolve [Defendant's] and [Plaintiffs'] competing affidavits at the summary judgment stage without making a credibility determination, which the Court cannot do at this stage of the proceedings."). The Court agrees emphatically with the Chief Magistrate Judge's assessment in the PFRD:

> [T]he parties have left the Court unclear about the nature of the contract itself—i.e., whether the contract was fully formed in 2017 or in 2019, and whether the contract contained a purchase option or the purchase option was in fact a separate contract. If, for instance, as the evidence thus far suggests, the proposal made in July 2017 was an offer to not only install and operate the energy system but also to purchase it two years later, then there is a strong argument that Plaintiffs could not have possibly made that offer because they had not yet been formed. If, however, the July 2017 proposal was merely an offer to install and operate the energy system at the Recycling Center, and a second and separate offer was made in 2019 for the purchase of the system, then Plaintiffs could have made the hypothetical offer that led to the purchase of the energy system. However, given the facts and legal arguments currently before the Court, the Court cannot make that determination.

ECF No. 61 at 22. Put simply, Plaintiffs, as the moving parties, have failed to satisfy their burden of persuasion to come forth with credible evidence of the contract "that would entitle [them] to a directed verdict if not controverted at trial." *See Celotex*, 477 U.S. at 331. Therefore, the Court will overrule Plaintiffs' objections and adopt the recommendation that the Motion for Partial Summary Judgment be denied.

### III.  Defendant Energy's Motion to Set Aside Default Judgment Will Be Granted.

The Court entered an entry of default and a default judgment against Defendant Energy on July 19, 2021. ECF Nos. 32, 37. Defendant Energy later filed a Motion to Set Aside the Default Judgment. ECF No. 51. The PFRD recommended denying the Motion and found that Defendant Energy's conduct in failing to answer the Complaint was culpable, and that, if the default judgment were set aside, Plaintiffs would likely suffer prejudice. ECF No. 61 at 25–27. Defendant Energy filed objections to the PFRD. ECF No. 64. It disputes that its conduct was culpable and that Plaintiffs would suffer sufficient prejudice if the default judgment were set aside. *Id.* at 3–9.

Federal Rule of Civil Procedure 55(c) permits the Court to "set aside a[] . . . default [judgment] for good cause." The standard for doing so is relatively liberal because "[t]he preferred disposition of any case is upon its merits and not by default judgment." *Gomes v. Williams*, 420 F.2d 1364, 1366 (10th Cir. 1970). However, "this judicial preference is counterbalanced by considerations of social goals, justice and expediency." *Id.* In determining the existence of good cause, courts may consider the following factors among others: (1) whether the moving party willfully defaulted; (2) whether setting aside the entry of default or default judgment would prejudice the non-moving party; and (3) whether the moving party has presented a meritorious defense. *See Pinson v. Equifax Credit Info. Servs., Inc.*, 316 F. App'x 744, 750 (10th Cir. 2009).

Here, the Court agrees with the PFRD that Defendant Energy was culpable in failing to timely answer the Complaint. On March 4, 2021, in his capacity as chief executive officer of Defendant Energy, Defendant Wilson attempted to move for an extension of time for Defendant Energy to file an answer pending its efforts to retain

8

counsel. *See* ECF No. 18 at 1 (signed "Oswald Wilson, CEO"); *see Harrison v. Wahatoyas*, 253 F.3d 552, 556 (10th Cir. 2001) ("As a general matter, a corporation or other business entity can only appear in court through an attorney and not through a non-attorney corporate officer proceeding pro se."). The Motion was denied without prejudice, and Defendant Energy was advised that it could "refile its motion for an extension of time to answer, stating good cause for such an extension, once it seeks concurrence from Plaintiffs in accordance with" the Local Rules. ECF No. 21 at 2. Defendant Energy neither answered nor filed a request for an extension of time to answer. The Court understands that Defendant Wilson was attempting to act pro se on behalf of Defendant Energy at that time. However, the PFRD took Defendant's request for more time to find counsel into consideration in its analysis. *See* ECF No. 61 at 25 (giving Defendant Energy "considerably more time to answer the Complaint—almost sixty days— than the rules permit").

Defendant Energy now alleges for the first time that Plaintiffs failed to serve it with the Motion for Default Judgment, ECF No. 23, which prevented it from responding to the Motion. ECF No. 64 at 6. Defendant Energy did not make this allegation in its briefing on its Motion to Set Aside the Default Judgment. *See* ECF No. 51. Thus, the Court cannot now consider this allegation in Defendant Energy's objections but must deem it waived. *See Marshall*, 75 F.3d at 1426; *Garfinkle*, 261 F.3d at 1031.

Although culpable conduct alone is a sufficient basis for declining to set aside a default judgment, the Court agrees with Defendant Energy that the other two factors weigh in its favor. *See Hunt v. Ford Motor Co.*, 65 F.3d 178 (unpublished table decision), 1995 WL 523646, at *3 (10th Cir. 1995) ("If the default was the result of the defendant's

9

culpable conduct, the district court may refuse to set aside the default on that basis alone."). First, there has not been a sufficient showing that Plaintiffs will suffer prejudice if the default judgment is set aside. The PFRD found that the likelihood of added litigation expenses constituted prejudice. ECF No. 61 at 27. Indeed, added litigation expenses can constitute the type of prejudice contemplated under the prejudice factor, but it does not appear here that Plaintiffs would actually suffer such prejudice. After all, as Defendant Energy argues, Defendant Wilson remains in the case, and he ostensibly shares many of the same claims and defenses as Defendant Energy. Thus, with or without Defendant Energy's presence in this case, Plaintiffs would have to litigate those issues. Moreover, there is no evidence that Plaintiffs would suffer prejudice in the form of "loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion." *See Behounek v. Grisham*, Civ. No. 20-cv-405 JCH/LF, 2020 WL 5757798, at *5 (D.N.M. Sept. 28, 2020) (citations omitted). Therefore, the Court finds no evidence that Plaintiffs would suffer prejudice if the default judgment were set aside, and Plaintiffs have offered none.

Finally, as to the third factor, Defendant Energy has meritorious defenses to Plaintiffs' claims. "It does not take much to establish the existence of a meritorious defense sufficient to set aside a default—only the alleging of sufficient facts that, if true, would constitute a defense." *Calderon v. Herrera*, Civ. No. 11-cv-482 WJ/GBW, 2012 WL 13013070, at *5 (D.N.M. May 11, 2012). "[R]ather than looking at the likelihood that the defendant will prevail on the merits, the Court should look at whether the proposed defense is legally cognizable such that it would constitute a defense to the claims if proved at trial." *Roberson v. Farkas*, Civ. No. 09-cv-795 JCH/WDS, 2011 WL 13117113, at *5 (D.N.M. Sept. 30, 2011).

Defendant Energy argues, among other things, that Defendant Wilson "is the sole inventor and owner" of the solar energy system installed at the Village's recycling center. ECF No. 51 at 7. Defendant Energy points to the many filings on the Court's docket where Defendant Wilson has maintained that he owns the solar energy system at issue in this case. *Id.* at 7–8 (citing ECF No. 33 at 17–19, 33; ECF No. 34 at 2). This allegation of ownership, if true, constitutes a cognizable defense against at least Count I, Plaintiffs' False Designation of Origin claim, and Count II, its Unfair Trade Practices claim. *See Softel, Inc. v. Dragon Med. & Sci. Commc'ns, Inc.*, 118 F.3d 955, 970 (2d Cir. 1997) (citation omitted) (to state a false designation claim under the Lanham Act, on a theory of reverse passing-off, a plaintiff must show, among other things "that the [product] at issue originated with the plaintiff"); *see also La Resolana Architects, PA v. Reno, Inc.*, 555 F.3d 1171, 1181–82 (10th Cir. 2009) (analyzing New Mexico Unfair Practices Act claims together with Lanham Act claims of false designation of origin). Accordingly, the Court finds that Defendant Energy has presented meritorious defenses.

Therefore, given the foregoing, the Court will sustain Defendant Energy's objections to the Chief Magistrate Judge's recommendation that the Motion to Set Aside the Default Judgment be denied, and the Court will grant the Motion to Set Aside the Default Judgment.

## CONCLUSION

As set forth above and for the foregoing reasons, the Chief Magistrate Judge's PFRD is **ADOPTED IN PART**.

**IT IS THEREFORE ORDERED** that Sheet Metal Products, Inc.'s Amended Motion to Intervene, ECF No. 46, is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Partial Summary Judgment and Entry of Order of Payment, ECF No. 47, is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant Energy's Notice of Motion and Motion to Vacate Entry of Non-Final Default Judgment, ECF No. 51, is **GRANTED**.

**IT IS FINALLY ORDERED** that the default judgment entered against Defendant Energy, ECF No. 37, is **SET ASIDE**, and Defendant Energy shall file an answer to the Complaint by no later than **February 1, 2022**.

**IT IS SO ORDERED**.


_____
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE