IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

WILTECH TECHNOLOGY, INC., et al.,

    Plaintiffs,

v.                                                            No. 1:20-cv-975 MIS/KRS

OSWALD WILSON, et al.,

    Defendants.

## ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL

THIS MATTER is before the Court on Plaintiffs' Motion to Compel, (Doc. 83), filed November 7, 2022. Defendant Wilson filed a response on November 21, 2022, and Plaintiffs filed a reply on November 28, 2022. (Docs. 85 and 86). Having considered the parties' briefing, record of the case, and relevant law, the Court grants Plaintiffs' Motion to Compel, (Doc. 83).

Plaintiffs state that during Defendant Oswald Wilson's October 11, 2022 deposition, he referred to documents that were not produced in response to earlier discovery requests, and he agreed to produce the documents after the deposition. (Doc. 83) at 2. On October 28, 2022, Plaintiffs' counsel emailed Defendants' counsel inquiring about the status of production of the documents, but did not receive a response. *Id.*; (Doc. 83-5). On November 3, 2022, Plaintiffs asked for an update on the documents, and Defendants again did not respond. *Id.*; (Doc. 83-6). In their Motion to Compel, Plaintiffs seek the following documents referenced in Mr. Wilson's deposition: (1) a January 2019 email and letter from Defendant Wilson to Plaintiffs regarding the agreement for construction of the solar energy system; (2) a New Mexico business license for Wiltech Energy, LLC; (3) documents substantiating costs claimed by Sheet Metal Products, Inc.

for work on the solar energy system; (4) an email from Defendant Wilson documenting costs for the fabrication of the solar energy system; (5) documents substantiating costs for electrical work associated with the solar energy system; (6) documents substantiating costs for construction and survey work associated with the solar energy system; (7) documents substantiating costs for engineering drawings; (8) a 2017 email from Defendant Wilson relating to a deposit into Defendant Wilson's account to fund the construction of the solar energy system; and (9) all receipts substantiating expenditures claimed by Defendant Wilson in the construction of the solar energy system. (Doc. 83) at 2-5. Plaintiffs contend these documents are responsive to their discovery requests and ask the Court to compel Defendants to produce the requested documents. *Id.* at 5-6.

In response, Defendant Wilson states that in response to Plaintiffs' August 22, 2022 discovery requests, Defendants did not withhold any documents or refuse to produce any documents pursuant to objections. (Doc. 85) at 1-2. At the conclusion of his deposition, Defendant Wilson states he agreed to search for and produce documents discussed during his deposition which he could not identify as having already been produced. He stated he would do this "as soon as possible" and would send them to his attorney after he returned home and searched for them. *Id.* at 2. Defendant Wilson states that on November 18, 2022, he produced the additional documents he was able to locate. *Id.* Specifically, Defendant Wilson states that most of the documents Plaintiffs move to compel were either already produced to Plaintiffs in earlier document productions, or were produced on November 18, 2022. *Id.* at 2-6. Defendant Wilson was unable to locate the 2017 email, and states he "will continue his search, and will produce the 2017 email from Mr. Belton if and when it is located." *Id.* at 6. Defendant Wilson argues that Plaintiffs failed to properly confer with him prior to filing their Motion to Compel

2

and that the motion was filed in bad faith because the documents were either already provided to Plaintiffs or were still being searched for at the time the motion was filed.  *Id.*  For these reasons, Defendant Wilson seeks attorneys fees and costs incurred in responding to the Motion to Compel, pursuant to Rule 37(a)(5)(B).  *Id.*

In reply, Plaintiffs explain that Defendants' discovery responses were produced as "a single collection of documents," and "Defendants did not specify which of the produced documents were responsive to any particular Request, and the documents did not appear to have been produced in any specific order (not even chronological)."  (Doc. 86) at 1-2.  Pursuant to Defendant Wilson's agreement to produce documents referenced in his deposition, Plaintiffs emailed Defendants' counsel twice inquiring about the status of the production of those documents, noting the upcoming November 7 deadline to file discovery motions and stating Plaintiffs hoped to avoid filing a motion to compel.  *Id.* at 2-3.  Defendants did not respond to either email and Plaintiffs filed their Motion to Compel on November 7, 2022 because that was the deadline to file discovery motions.  *Id.*  Therefore, Plaintiffs argue that Defendants' request for attorneys fees and costs is unsupported and should be denied.  *Id.* at 4.

First, Defendant Wilson asserts that all documents he referred to in his deposition, and agreed to produce, have either already been produced, were produced on November 18, 2022, or have not yet been found.  Plaintiffs do not dispute this assertion.  Defendants argue "[t]here is no basis to compel the production of these documents and the request for this information appears to be intended to harass Mr. Wilson, as there was no deadline to provide the requested information."  (Doc. 85) at 1.  Rule 34(b)(2)(A) requires a party to respond to discovery requests within 30 days, and Rule 26(e)(1)(A) requires a party to "supplement or correct its disclosure or response … in a timely manner if the party learns that in some material respect the disclosure or

3

response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Accordingly, Defendant Wilson was required to produce these documents within 30 days of Plaintiffs' August 22, 2022 discovery requests, or "in a timely manner" after his deposition if that is where he learned they had not already been produced.

Second, Defendants contend that Plaintiffs failed to properly confer with them prior to filing the Motion to Compel. To the contrary, Plaintiffs tried twice to confer with Defendants about production of the additional documents and Defendants did not respond. In their October 28, 2022 email, Plaintiffs even explained to Defendants' counsel that the deadline for discovery motions was November 7 and they would like to avoid filing a motion to compel. *See* (Doc. 85-4) at 2. The Court finds it is reasonable that Plaintiffs filed their Motion to Compel before the discovery deadline had passed, especially since Defendants did not respond to Plaintiffs about any forthcoming production. For these reasons, the Court finds that Plaintiffs sufficiently conferred with Defendants prior to filing the Motion to Compel and grants Plaintiffs' Motion to Compel. Defendants shall produce any remaining responsive information as required under Rules 26 and 34.

Regarding Defendants' request for attorneys fees and costs, under Rule 37(a)(5)(B), when a motion to compel is granted or discovery is provided after the motion is filed, the party whose conduct necessitated the motion, after having an opportunity to be heard, must pay the moving party's reasonable expenses incurred in making the motion. Since Plaintiffs' Motion to Compel was granted and Defendants provided discovery after the motion was filed, Plaintiffs, not Defendants, would be entitled to attorneys' fees under this rule. However, Plaintiffs did not

ask the Court to award them attorneys' fees, so Defendants have not had an opportunity to be heard on the issue. Therefore, the Court will not award expenses.

IT IS THEREFORE ORDERED that Plaintiffs' Motion to Compel, (Doc. 83), is GRANTED as set forth above.

IT IS SO ORDERED.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE