IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**WILTECH TECHNOLOGY, INC. and**
**WILTECH GLOBAL TECHNOLOGY, INC.,**

    **Plaintiffs,**

v.                                                          No. 1:20-cv-00975-MLG-JHR

**OSWALD WILSON and**
**WILTECH ENERGY, LLC,**

    **Defendants.**

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION TO DENY MOTION TO DISMISS [DOC. 121] AND GRANT IN PART MOTION TO ENFORCE ORDER TO SHOW CAUSE [DOC. 131].

THIS MATTER comes before the undersigned on Defendant Oswald Wilson's Motion to Dismiss Plaintiff [sic] Complaint, filed November 25, 2024 [Doc. 121], and Plaintiffs' Motion to Enforce Order to Show Cause, filed March 10, 2025 [Doc. 131]. District Judge Matthew L. Garcia referred the case to me on April 18, 2025, to recommend a disposition. [Doc. 132]. Neither Defendants nor Plaintiffs filed responsive briefing to either side's motion within the fourteen-day deadline pursuant to D.N.M.LR-Civ. 7.4(a). I have reviewed the motions, case file, and applicable law. I recommend that the Court DENY Wilson's motion to dismiss, GRANT IN PART Plaintiffs' motion to enforce, and sanction Wiltech Energy, LLC with entry of default judgment.

### I.    BACKGROUND

On September 23, 2020, Plaintiffs filed suit against Wilson, Wiltech Energy, and Los Lunas alleging joint and several liability for violations of the Lanham Act and the New Mexico Unfair Trade Practices Act, breach of fiduciary duty, tortious interference with contract, and declaratory judgment. [Doc. 1]. Plaintiffs alleged that Wilson, their former director and officer,

1

absconded with monies given to him for a contract with Los Lunas to install a solar energy system at its recycling center. *Id.* at 3–5. According to the complaint, Wilson formed Defendant Wiltech Energy, LLC, ceased communication with Plaintiffs, and began fraudulently promoting Wiltech Energy as the builder, installer, and owner of the solar energy system. *Id.* at 5. Los Lunas filed an answer on November 3, 2020, [Doc. 6], then moved unopposed to deposit a payment of $89,265.85 for outstanding billing for the system with the Court's registry pursuant to Rule 67 [Doc. 15]. The Court granted the motion and dismissed Los Lunas. [Docs. 17, 28].

Wilson, pro se, filed his answer on March 4, 2021, and sought an extension of time to answer on behalf of Wiltech Energy so it could retain counsel. [Docs. 18, 19]. The first-assigned referral judge, Magistrate Judge Carmen Garza, denied without prejudice the extension of time. [Doc. 21]. On March 31, 2021, Plaintiffs filed a motion for default judgment against Wiltech Energy and award of the deposited funds. [Doc. 23]. Judge Garza recommended the Court enter default judgment against Wiltech Energy on several claims but deny an award of funds. [Doc. 32]. The Court adopted her recommended disposition. [Doc. 37].

On August 31, 2021, Plaintiffs moved for partial summary judgment against Wiltech Energy and an award of the deposited funds. [Docs. 47]. On September 1, 2021, counsel entered an appearance on behalf of Wilson and Wiltech Energy for the first time. [Doc. 48]. Defendants then moved to set aside the default judgment and opposed the motion for partial summary judgment. [Docs. 51, 54].[1] On November 16, 2021, Judge Garza recommended that the Court deny the motion for partial summary judgment and the motion to set aside the default judgment. [Doc.

---

[1] Around this time, Sheet Metal Products, Inc., a New Jersey corporation and alleged supplier for the Los Lunas solar energy system project, sought to intervene. [Doc. 46]. Judge Garza recommended the Court deny the motion to intervene, which the Court adopted. [Docs. 61, 65].

61]. The Court adopted the recommended disposition in part, denying the motion for partial summary judgment but granting the motion to set aside the default judgment. [Doc. 65].

On February 1, 2022, Wiltech Energy filed its answer. [Doc. 67]. Judge Garza entered a scheduling order on April 21, 2022, which set the deadline for dispositive motions on November 17, 2022. [Doc. 71]. On July 29, 2022, Magistrate Judge Kevin Sweazea was assigned as the referral judge in place of Judge Garza. [Doc. 75 text only]. Plaintiffs moved to compel Defendants' compliance with their discovery requests and filed a second motion for partial summary judgment. [Docs. 83, 84]. Judge Sweazea granted the motion to compel on February 13, 2023, [Doc. 91]. District Judge Matthew Garcia was assigned as the trial judge on March 9, 2023, and I was assigned as referral judge on March 22, 2023, replacing Judge Sweazea. [Docs. 92–93 text only].

On May 26, 2023, counsel for Defendants moved to withdraw, citing the financial burden caused by Defendants' failure to pay their fees. [Doc. 94]. Plaintiffs filed a second motion to compel seeking sanctions and asserting that Defendants had refused to comply with Judge Sweazea's order. [Doc. 96]. On November 21, 2023, the Court denied Plaintiffs' second motion for partial summary judgment. [Doc. 101]. The next day, the Court granted the motion to withdraw by Defendants' counsel and ordered Wiltech Energy to find new representation. [Doc. 103]. I issued proposed findings and a recommended disposition on Plaintiffs' second motion to compel on January 22, 2024, recommending the Court order Defendants to produce the discovery sought by Plaintiffs and pay Plaintiffs' reasonable attorney fees and costs. [Doc. 105]. The Court adopted my recommended disposition. [Doc. 108].

The Court issued an order to show cause to Defendants on February 7, 2024, noting Wiltech Energy had still failed to retain counsel. [Doc. 106]. After Defendants did not respond, the Court ordered the parties to submit briefing on how the case should proceed. [Doc. 109]. On February

3

28, 2024, Wilson filed a response claiming he was searching for new counsel for Wiltech Energy. [Doc. 110]. On March 20, 2024, the Court ordered Wilson to comply with the Court's outstanding discovery orders and retain counsel for Wiltech Energy. [Doc. 118]. The Court warned that failure to comply could result in default judgment. *Id.*

On April 12, 2024, Wilson filed a notice representing he had complied with the outstanding discovery orders and stating his intent to find counsel for Wiltech Energy. [Doc. 119]. Wilson then filed the instant motion to dismiss on November 25, 2024. [Doc. 121]. The Court gave Wiltech Energy until January 31, 2025, to obtain counsel, stated that no additional extension would be granted, and again warned failure to comply could result in default judgment. [Doc. 124]. On January 31, 2025, Wilson filed a notice that he had retained Davis Miles PLLC as counsel for Wiltech Energy. [Doc. 126].

I held a status conference with the parties on February 10, 2025. Wilson appeared pro se and without counsel for Wiltech Energy. [Doc. 128 text only]. Wilson represented that he had retained attorney Sid Childress, not Davis Miles PLLC, to represent Wiltech Energy and that Childress should have appeared. *Id.* I issued an order to show cause on February 11, 2025, requiring Wiltech Energy to have counsel enter an appearance by February 17, 2025, or show cause why sanctions, up to and including default judgment, should not be ordered. [Doc. 129]. On February 20, 2025, Wilson filed another notice, claiming Childress had wanted a $5,000 payment to represent Wiltech Energy at the suit's settlement conference, which Wilson could not afford. [Doc. 130]. On March 10, 2025, Plaintiffs filed the instant motion to enforce the order to show cause.

## II.     BRIEFING SUMMARY

Wilson's motion to dismiss primarily disputes Plaintiffs' allegations with his own facts and raises affirmative defenses. [Doc. 121]. However, Wilson also makes three arguments addressing the sufficiency of Plaintiffs' complaint: Plaintiffs failed to plead claims for relief because they did not allege the existence of a valid patent, presumably for the solar energy system in dispute, *id*. at 2; Plaintiffs lack standing for the same reason, *id*; and Plaintiffs' claims are barred by the statute of frauds by failing to allege the contract with Los Lunas was in writing. *Id.* at 3.

Plaintiffs chose not to respond to the motion to dismiss on the merits, instead asserting the motion is untimely. [Doc. 131, at 4]. In their motion to enforce, Plaintiffs argue that the Court should enter default judgment against all Defendants for violating its orders and award Plaintiffs the deposited Los Lunas funds and grant any other relief the Court deems proper. *Id.* at 8. Plaintiffs cite Wilson's repeated failures to comply with the Court's discovery orders and orders to retain counsel for Wiltech Energy. *Id.* at 1–6. In light of these violations, Plaintiffs argue the severe delays to the case's resolution, interference with orderly justice, Wilson's culpability, the Court's repeated warnings, and the inability of a lesser sanction to correct the issue warrant default judgment. *Id.* at 6–8.

### III.   ANALYSIS AND RECOMMENDATIONS

**A.   I Recommend the Court Deny Wilson's Motion to Dismiss.**

Because Wilson's motion to dismiss is untimely and deficient on its merits, I recommend the Court deny the motion.

*1.   Applicable law for Rule 12 motions to dismiss.*

A defendant may challenge a plaintiff's Article III standing to bring suit via Rule 12(b)(1). *McCombs v. Delta Grp. Elecs., Inc.*, 676 F. Supp. 3d 1064, 1069 (D.N.M. 2023). Satisfying Article III standing requires three elements: (1) injury in fact, (2) traceability of injury to the defendant's

alleged conduct, and (3) redressability by the courts. *E.g.*, *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 103 (1998). A plaintiff demonstrates injury in fact through a concrete and particularized harm, either actual or imminent. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 339 (2016) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)). When a defendant argues a lack of standing on the face of a complaint, the court must accept all of the complaint's factual allegations as true and construe the complaint in the light most favorable to the plaintiff. *S. Utah Wilderness All. v. Palma*, 707 F.3d 1143, 1152 (10th Cir. 2013) (citing *Warth v. Seldin*, 422 U.S. 490, 501 (1975)).

Defendants may also move for dismissal of part or all of a complaint for failure to state a plausible claim for relief. Fed. R. Civ. P. 12(b)(6). A claim is "plausible" when the court can reasonably infer from the complaint that the defendant is liable for the plaintiff's injuries. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Only factual allegations matter to this determination and the court must disregard assumptions, speculation, or legal conclusions within the complaint. *Truman v. Orem City*, 1 F.4th 1227, 1235 (10th Cir. 2021) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In addition, while not needing lengthy or detailed facts, the complaint must elaborate beyond "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. Within those bounds, the court must construe the complaint and make all reasonable inferences from it in favor of the plaintiff. *Brooks v. Mentor Worldwide LLC*, 985 F.3d 1272, 1281 (10th Cir. 2021).

    2.    *Wilson's motion to dismiss violated the Court's scheduling order and is otherwise unpersuasive.*

At the outset, Wilson's motion to dismiss violates the scheduling order's deadline for dispositive motions by over two years. *See* [Doc. 71]. Regardless, the motion still fails on its merits. Wilson challenges the complaint's sufficiency with two points: Plaintiffs failed to allege

6

they possessed a patent for the solar energy system, and Plaintiffs failed to allege they had a written contract satisfying the statute of frauds. [Doc. 121, at 2, 3]. Wilson raises the lack of an alleged patent on Article III standing and Rule 12(b)(6) grounds. *Id.*

Plaintiffs meet the elements of Article III standing. First, Plaintiffs satisfy injury in fact in the form of unpaid compensation for the Los Lunas contract and unlawful interference with their business operations. Second, they satisfy traceability with Wilson's alleged actions undermining the Los Lunas contract and Wiltech Energy's marketing of the solar energy system as its own. Third, they satisfy redressability via damages and cessation of Defendants' liable conduct. *See Tandy v. City of Wichita*, 380 F.3d 1277, 1284–85 (10th Cir 2004) (discussing standing with respect to prospective relief); *see also Uzuegbunam v. Preczewski*, 592 U.S. 279, 286 (2021) (discussing compensatory and punitive damages as historical mode of redress). Wilson cites no law supporting why Plaintiffs need a patent to establish standing for this suit.

Nor does Wilson cite law supporting why Plaintiffs need to allege a patent to plead plausible claims for relief. Plaintiffs' claims for breach of fiduciary duty, tortious interference, and declaratory judgment are premised on the alleged contract with Los Lunas and Wilson's status as Plaintiffs' former chief executive officer and director. [Doc. 1, at 9–12]. Plaintiffs' claims under the New Mexico Unfair Trade Practices Act and the Lanham Act hinge on misrepresentation. In this case, Wilson allegedly misrepresented that Wiltech Energy, not Plaintiffs, contracted with Los Lunas and designed, built, and installed the Los Lunas recycling center's solar energy system. [Doc. 1, at 7–8]; NMSA § 57-12-2(D)(1); 15 U.S.C. § 1125(a)(1)(A).[2] To the extent Wilson means

---

[2] By stated purpose the Lanham Act is primarily concerned with trademarks and trade names, not patent infringement. 15 U.S.C. § 1127; *see also Pom Wonderful LLC v. Coca-Cola Co.*, 573 U.S. 102, 108 (2014) (private cause of action under Lanham Act intended to remedy injuries to "commercial interest in reputation or sales").

7

to argue Plaintiffs lack proof that they designed the solar energy system, that is a factual dispute and not proper grounds for dismissal under Fed. R. Civ. P. 12(b).

Finally, Wilson's statute of frauds argument is unpersuasive. Wilson argues the statute of frauds precludes Plaintiffs' claims because they did not allege their contract with Los Lunas was in writing. [Doc. 121, at 3]. But the statute of frauds is an affirmative defense under New Mexico law and can only justify a Rule 12(b)(6) dismissal in exceptional circumstances. *In re Tex. Reds, Inc.*, 438 B.R. 699, 704–05 (Bankr. D.N.M. 2010); 73 Am. Jur. 2d *Statute of Frauds* § 465 (statute of frauds only grounds for motion to dismiss if complaint's allegations are facially deficient). Nowhere does Plaintiffs' complaint suggest on its face that the contract with Los Lunas was not reduced to writing in a manner satisfying the statute of frauds.

**B.     I Recommend the Court Enter Default Judgment Against Wiltech Energy.**

I recommend that the Court enter default judgment against Wiltech Energy as a sanction for its violations of the Court's orders to retain counsel. However, I recommend that the Court deny all other relief requested by Plaintiffs in their motion and allow the case to proceed on the merits with the remaining parties.

*1.     Applicable law for default judgment as a sanction.*

A court may enter default judgment against a party that fails to obey a pretrial order. Fed. R. Civ. P. 16(f) (citing Fed. R. Civ. P. 37(b)(2)(A)(ii)–(vii)). A court may also enter default judgment with its inherent powers to control its docket and sanction abuses of the judicial process. *Xyngular v. Schenkel*, 890 F.3d 868, 873 (10th Cir. 2018). However, default judgment is a severe sanction reserved only for willful misconduct, bad faith, or culpable noncompliance. *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 (10th Cir. 1992); *Klein-Becker USA, LLC v. Englebert*, 711 F.3d 1153, 1159 (10th Cir. 2015). "Willful" means voluntary as opposed to involuntary disobedience;

no ill-intent by the offending party need be shown. *Klein-Becker USA*, 711 F.3d at 1159 (citing *In re Standard Metals Corp.*, 817 F.2d 625, 628–29 (10th Cir. 1987)).

The Tenth Circuit in *Ehrenhaus* set out five factors to determine if default judgment is an appropriate sanction: (1) the degree of prejudice the offending party caused the other party, (2) the offending party's interference with the judicial process, (3) the culpability of the offending party, (4) whether the court warned in advance that default judgment could enter, and (5) the efficacy of lesser sanctions. *Ehrenhaus*, 965 F.2d at 921. These factors are relevant but not rigid criteria for the court's discretion. *King v. Fleming*, 899 F.3d 1140, 1150 (10th Cir. 2018). A court must also find the offending party acted willfully, in bad faith, or otherwise culpably by clear and convincing evidence. *See Xyngular*, 890 F.3d at 873.[3]

### 2. *Default judgment against Wiltech Energy is the appropriate sanction.*

The *Ehrenhaus* factors all support default judgment. On the first *Ehrenhaus* factor, Wiltech Energy cannot litigate this suit without counsel. *E.g.*, *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201–02 (1993). As a result, Plaintiffs have suffered the costs of a multi-year delay without any progress on the suit's merits. On the second *Ehrenhaus* factor, repeated violations of court orders constitute per se abuse of the judicial process. *See Ehrenhaus*, 965 F.2d at 921 (orderly justice cannot be administered if parties are free to flout court orders). In addition, the paralyzing effect of Wiltech Energy's lack of counsel increases the Court's workload and pulls its attention from other pertinent matters. *Exterior Experts, Inc. v. State Farm Fire & Cas. Co.*, No. 19-cv-01592, 2020 WL 9424362, at *2 (D. Colo. June 30, 2020).

---

[3] *Xyngular* is ambiguous about whether the Tenth Circuit intended for the clear and convincing standard to apply to the entire *Ehrenhaus* analysis or to the finding the offending party engaged in willful, bad-faith, or otherwise culpable conduct. *See Xyngular*, 890 F.3d at 873–74. Later unpublished decisions show the clear and convincing standard applies to the latter. *Kenno v. Colo. Governor's Off. of Info. Tech.*, Nos. 21-1353 & 21-1434, 2023 WL 2967692, at *1 (10th Cir. Apr. 17, 2023); *Becker v. Ute Indian Tribe of Uintah & Ouray Rsvr.*, No. 22-4022, 2023 WL 5051167, at *6 (10th Cir. Aug. 8, 2023); *Boulter v. Noble Energy Inc.*, No. 23-1118, 2024 WL 1526289, at *6 (10th Cir. Apr. 9, 2024).

On the third *Ehrenhaus* factor, Wilson concedes he deliberately forewent hiring counsel for Wiltech Energy. *See* [Doc. 130]. While Wilson argues the expense of an attorney would be an "undue burden," he has had eighteen months to make financial arrangements to retain counsel. Furthermore, Wilson has offered conflicting representations about his ability to find affordable counsel. On January 31, 2025, Wilson stated that he retained Davis Miles, PLLC, for Wiltech Energy's counsel, but no counsel appeared at the status conference held ten days later. [Docs. 126, 128 text only]. At that conference, Wilson claimed he had actually retained Childress and did not know why the attorney had failed to appear. [Doc. 128 text only]. After I issued an order to show cause, Wilson submitted a new letter claiming Childress had demanded an additional, unaffordable payment. [Doc. 130, at 1]. Regardless of the veracity of Wilson's representations, a willful decision to violate court orders justifies default judgment as a sanction even if the party acted out of concern for their limited resources. *E.E.O.C. v. Roswell Radio, Inc.*, No. 06-cv-00253, 2007 WL 5685110, at *10 (D.N.M. Oct. 5, 2007).

On the fourth *Ehrenhaus* factor, the Court has warned Wilson on three separate occasions that continued failure to retain counsel for Wiltech Energy could result in default judgment. [Docs. 118, 124, 129]. Finally, on the fifth *Ehrenhaus* factor, a lesser sanction will not remedy Wiltech Energy's violations. A monetary sanction is likely to go unpaid given Wilson's statements of financial inability to hire counsel for Wiltech Energy. And the Court's foreclosure of certain evidence or defenses, entries of stay, or other sanctions contemplated by the rules would do little to change this case's ability to proceed which is stonewalled by Wiltech Energy's lack of counsel. *In re Rains*, 946 F.2d 731, 732 (10th Cir. 1991) (default judgment is appropriate when "adversary process has been halted because of an essentially unresponsive party").

    3.    <u>I recommend the Court deny Plaintiffs' other requested relief in its motion.</u>

Plaintiffs seek default judgment against all Defendants, an award of the Los Lunas funds in the Court's registry, their previously granted attorney fees included, and other relief deemed proper. [Doc. 131, at 8]. Plaintiffs argue for default judgment against Wilson based on alleged violations of the Court's discovery orders. However, after Wilson made disclosures in response to the Court's last order on the matter, [Doc. 119], Plaintiffs waited nearly a year to raise the issue in their present motion to enforce. *See* [Doc. 131, at 4]. Wilson intends to continue litigating pro se, and the Court has issued no warnings about default judgment for discovery violations since Wilson made his disclosures. Thus, default judgment against Wilson is unwarranted.

As for the release of the deposited Los Lunas funds, the Court may only award damages for a default judgment without further proceedings if the damages are a "sum certain." Fed. R. Civ. P. 55(b); *Venable v. Haislip*, 721 F.2d 297, 300 (10th Cir. 1983). A "sum certain" means that "there is no doubt as to the amount to which a plaintiff is entitled." *Snelling v. Tribal Vapors*, No. 19-cv-00686, 2021 WL 1227836, at *45 (D.N.M. Mar. 31, 2021) (quoting *KPS & Assocs., Inc. v. Designs by FMC, Inc.*, 318 F.3d 1, 19 (1st Cir. 2003)). Record evidence, supplementary documents, or affidavits must establish an objective connection between the calculation of the plaintiff's requested damages and the defendant's liability. *Id.* at *47.

Plaintiffs request punitive and inexact compensatory damages in their complaint, failing to support a sum certain. *See World All. Consulting, Inc. v. DocPlanet.com, Inc.*, 57 F. App'x 390, 392 (10th Cir. 2003) (breach-of-contract action seeking specific performance and unliquidated damages was not a sum certain). Plaintiffs also fail to cite record evidence or provide affidavits or other documents establishing their damages with their motion. *Snelling*, 2021 WL 1227836, at *47. And even if Plaintiffs had, awarding damages when default judgment did not enter against all

11

defendants and Plaintiffs allege joint and several liability would be improper. *See Hunt v. Inter-Globe Energy, Inc.*, 770 F.2d 145, 148 (10th Cir. 1985).

## IV.   CONCLUSION

I recommend that the Court DENY Wilson's motion to dismiss [Doc. 121]. I recommend that the Court GRANT IN PART Plaintiffs' motion to enforce [Doc. 131], enter default judgment against Wiltech Energy, and allow the case to proceed on the merits with respect to Wilson's alleged liability and proof of Plaintiffs' damages.

_____
Hon. Jerry H. Ritter
United States Magistrate Judge

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of the Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the 14-day period if that party wants to have appellate review of these proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**